**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-50091 |
| Plaintiff-Appellee, | D.C. No. 3:20-cr-02323-LAB-1 |
| v. | |
| ARON ADAN ORTIZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 14, 2021[**]

Before: WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Aron Adan Ortiz appeals from the district court's judgment and challenges the 78-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952, 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ortiz contends that the district court erred by denying his request for a minor-role reduction to his offense level under U.S.S.G. § 3B1.2(b). First, he argues that the court did not consider all five factors enumerated in the commentary to the Guideline. *See* U.S.S.G. § 3B1.2 cmt. n.3(C). Second, he argues that the court misinterpreted the Guideline when it concluded that the payments he received weighed against a minor-role reduction, rather than treating his lack of a proprietary interest in the drugs as supporting a reduction. Third, Ortiz asserts that the court ignored "important caveats" concerning his prior border crossings: specifically, his assertion that he did not know he was importing drugs on his first and second trips and that he only agreed to the third trip because he was threatened. Finally, he asserts that all of the factors listed in the Guideline supported his request for a minor-role reduction. We review the district court's interpretation of the Guideline de novo, and its application of the Guideline to the facts of the case for abuse of discretion. *See United States v. Diaz*, 884 F.3d 911, 914 (9th Cir. 2018).

The record does not support Ortiz's contention that the district court failed to consider all of the factors relevant to the minor-role reduction or the alleged "caveats" as to any of the factors. The court stated that it had reviewed Ortiz's sentencing memorandum, which discussed Ortiz's arguments as to each of the five factors, and we assume that district judges know the law. *See id.* at 916. The

court's failure to discuss all five factors on the record does not undermine that presumption, especially given defense counsel's statement at the sentencing hearing that he was "not making an argument for minor role, so I don't think we need to go into all of the analysis."

Moreover, the record shows that the district court did not misapply the Guideline or abuse its discretion in denying the reduction. The court cited the proper standard for determining whether the adjustment applies and explained that it did not believe the facts justified the reduction, given Ortiz's admission that he had smuggled on two previous occasions, the escalating payments to Ortiz, and the amount of drugs involved in the offense. Under the totality of the circumstances, the court did not abuse its discretion in concluding that Ortiz was not "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *see also Diaz*, 884 F.3d at 918 (district court has "considerable latitude in ruling on minor-role adjustments").

**AFFIRMED.**